IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STACEY TROPP, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

PRAIRIE FARMS DAIRY, INC.,

    Defendant.

ORDER

20-cv-1035-jdp

---

Plaintiff Stacey Tropp seeks to represent a class of consumers in Wisconsin, Illinois, Iowa, and Michigan who purchased defendant Prairie Farms Dairy, Inc.'s "Premium Vanilla Bean Ice Cream." Among other things, Tropp contends that Prairie Farms has deceived consumers because the ice cream is artificially flavored, but the label implies that the ice cream is flavored with vanilla beans.

Prairie Farms moves to dismiss the complaint for failure to state a claim upon which relief may be granted Federal Rule of Civil Procedure 12(b)(6). Dkt. 20. But before the court can consider the merits of Tropp's claims, the court must determine whether it can exercise jurisdiction over the case. *See Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 731 (7th Cir. 2021) (federal courts must ensure that jurisdictional requirements are satisfied even when no party challenges jurisdiction).

Tropp relies solely on 28 U.S.C. § 1332(d) as a basis for jurisdiction. That statute applies to a proposed class action that meets the following criteria: (1) the proposed class includes at least 100 members; (2) at least one member of the class is a citizen of a state different from any defendant; and (3) the aggregated amount in controversy is more than $5 million. *See Ware*, 6 F.4th at 733. It is reasonable to infer from the allegations in the complaint

that there at least 100 potential class members. And Tropp has alleged that she is a citizen of Wisconsin and Prairie Farms is a citizen of Illinois, so she has adequately alleged diversity.

The potential problem is with the amount in controversy. The amended complaint includes one sentence addressing that requirement: "Upon information and belief, sales of the Product exceed $5 million exclusive of interest and costs, and the aggregate amount in controversy exceeds $5 million." Dkt. 15, ¶ 50.

The proponent of jurisdiction must tell a "plausible story about how the amount in controversy exceed[s] the statutory minimum." *Ware*, 6 F.4th at 732. Conclusory or speculative allegations aren't enough. *Ware*, 6 F.4th at 733; *Dancel v. Groupon, Inc.*, 940 F.3d 381, 385 (7th Cir. 2019). Tropp has provided only a conclusory allegation rather than a plausible story. She doesn't explain why Prairie Farms' sales over an unspecified time and region are an appropriate measure of class damages, and she doesn't otherwise provide any basis for her assertion that the aggregated amount in controversy is more than $5 million. Before dismissing the case, the court will give Tropp an opportunity to file an amended complaint or other supplemental materials showing that the case satisfies the jurisdictional minimum.

ORDER

IT IS ORDERED that plaintiff Stacey Tropp may have until November 1, 2021, to file an amended complaint or other supplemental materials showing that the case satisfies the

jurisdictional minimum. If Tropp doesn't respond by then, the court will dismiss the case for lack of subject matter jurisdiction.

    Entered October 18, 2021.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge